**FNU FERRY, Petitioner,**

v.

**Alberto GONZALES, U.S. Attorney General, Respondent.**

No. 06–4157–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

H. Glenn Fogle, Jr., Leslie Diaz, The Fogle Law Firm, Atlanta, GA, for petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Marlon A. Primes, Assistant United States Attorney, Cleveland, OH, for respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Fnu Ferry, a citizen of Indonesia, seeks review of an August 10, 2006 order of the BIA affirming the April 27, 2005 decision of Immigration Judge ("IJ") Michaelangelo Rocco, pretermitting his applications for asylum and denying his application for withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Fnu Ferry*, No. A96 437 638 (B.I.A. Aug. 10, 2006), *aff'g* No. A96 437 638 (Immig. Ct. Buffalo, NY, Apr. 27 2005). We assume the par-

ties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). As an initial matter, we lack jurisdiction to review Ferry's challenge to the agency's pretermission of his asylum application. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Ferry raises no such arguments here. His "due process" argument is merely a challenge to the agency's factual findings, which we may not reach. Accordingly we dismiss the petition for review as to Ferry's asylum claim.

We proceed to consider Ferry's withholding of removal claim, which is not subject to the one-year filing deadline for asylum. *See* 8 U.S.C. § 1158(a)(2)(B). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

■ Substantial evidence supports the IJ's characterization of the mistreatment that Ferry experienced as "sporadic occurrences" of random violence, which were insufficient in severity to constitute past persecution. The record indicates that the most significant incident Ferry described occurred in 1991, when bullies cut his hand after he refused to give them money. Similarly, he had an altercation with a neighbor, who caused him to bleed, and he was indirectly affected by the fact that his parent's store was so frequently robbed that the family was forced to close it. Further, as an adult, Ferry was robbed at knife-point by a taxi driver. However deplorable these incidents were, they do not rise to the level of persecution. We agree that Ferry's ability "to practice his religion, complete his education, attain a university degree, obtain gainful employment in his field of employment and travel without restriction," IJ dec. at 8, undermines his claim for relief. Similarly, we agree that Ferry's claim was further undermined by the two years he spent in Indonesia without incident following the anti-Chinese riots in 1998. Accordingly, because Ferry's past discrimination does not constitute persecution, and because he did not establish that it was more likely than not that he would be singled-out for persecution in Indonesia, the IJ properly denied the petitioner's claim on this basis.

■ Ferry also failed to meet his burden of proving a pattern and practice of persecution against Chinese Christians in Indonesia. As the IJ noted, the 2004 State Department Report indicates that there were many incidents of violence in several areas of Indonesia between Muslims and Christians. However, the IJ was not compelled to find that such events establish a pattern and practice of persecution against ethnic Chinese Christians. The report indicates that although the

population of Indonesia is "over 85 percent Muslim, the practice and teachings of five out of six officially recognized religions generally are respected, and the Government actively promotes mutual tolerance and harmony among them ... [including] Catholicism." The IJ also correctly concluded that Ferry failed to establish a pattern or practice of persecution based on his ethnicity, where the report indicates that "[r]acially motivated attacks against ethnic Chinese citizens dropped sharply during the year ... [even while] Sino-Indonesians continued to report instances of discrimination." *See also Matter of A–M–,* 23 I. & N. Dec. 737, 741 (BIA 2005). Accordingly, the IJ properly denied Ferry's application for withholding of removal, and we deny the petition for review to that extent.

Finally, because Ferry failed to challenge the agency's denial of his application for CAT relief before this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DISMISSED in part and DENIED in part.